**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **ELIZABETH A. TERMAAT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:08CV62** |
| vs. | ) | |
| | ) | **STIPULATED** |
| **VENTE, INC. and EXPERIAN,** | ) | **PROTECTIVE ORDER** |
| | ) | |
| **Defendants.** | ) | |

This matter having come before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it appears to this Court that good cause exists to enter this Order.

**IT IS HEREBY ORDERED** that:

1. When used in this Protective Order ("Protective Order"), the words set forth below shall have the following meanings:

    (a) "Discovery Materials" means (i) documents; (ii) deposition testimony taken in this Litigation, exhibits thereto, and transcripts thereof, whether in writing or on audiotape, videotape or computer disk; (iii) answers to interrogatories, responses to requests to admit, and responses to requests for documents served or filed in this Litigation; and (iv) any other Discovery Materials Disclosed either by a Party or non-party.

    (b) "Disclose" or "Disclosure" means to produce, reveal, divulge, give, or make available Discovery Materials, or any part thereof, or any information contained therein.

    (c) "Confidential" or "Confidential Information" means any Discovery Materials constituting trade secrets or other confidential sales, research, development,

technical or commercial information subject to protection under Fed. R. Civ. P. 26(c), which is not generally known to the public or readily obtainable from outside sources, as well as Plaintiff's medical information, personal or business tax information, and personnel information of non-parties, and is designated as "Confidential" pursuant to Paragraphs 4-6 below.  Confidential Information includes, by way of example and without limitation:  financial information; sales information; non-public transactional data or information; medical information; personal or business tax information; and employee and former employee personnel information.  Confidential Information excludes materials that are not considered to be confidential within the meaning of this Court's orders.

(d)    The term "Documents" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure; and all written, oral, recorded, or graphic material, however produced or reproduced, including, but not limited to, all written or printed matter of any kind, computer data, all graphic or manual records or representations of any kind, and electronic, mechanical, or electric records or representations of any kind, including any written, electronic, printed, typed, graphic, or otherwise recorded matter, or tangible thing, of any kind, however produced or reproduced, including but not limited to, all originals, non-identical copies, intermediate drafts and revisions of any written matter; and all exhibits, affidavits or other litigation materials.

(e)    "Litigation" means the case entitled ***Elizabeth A. TerMaat v. Vente, Inc., and Experian***, Case No. 8:08 CV 62, pending in the United States District Court for the District of Nebraska, and all subsequent appeals and retrials.

(f)    "Non-Producing Party" means any Party other than the Producing Party.

  (g) "Party," as used alone and not pursuant to 1(F) above or 1(H) below, means Elizabeth A. TerMaat (Plaintiff in this Litigation), Vente Inc. (a Defendant in this litigation), and Experian (a Defendant in this Litigation).

  (h) "Producing Party" means the person or entity Disclosing Discovery Materials, including persons and/or entities who are non-parties to this Litigation.

  (i) "Signatory" means any Party, or any other person or entity who signs this Protective Order and their counsel.

  2. Except by order of the Court, Confidential Information and Confidential Discovery Materials shall not be used by a Party or non-party, other than the Producing Party, for any reason or purpose, except in connection with the Litigation.

  3. Confidential Information and Confidential Discovery Materials shall be used only for the purpose of this Litigation, and may be disclosed only as provided in this Protective Order.

  4. As used herein, "Confidential Information" shall have the meaning provided above and shall include all copies, abstracts, excerpts, analyses, and complete or partial summaries prepared from or containing, reflecting, or disclosing such Confidential Information.

  5. Any Party who believes in good faith that any information or Document Disclosed or to be Disclosed contains or reflects Confidential Information may designate such information or Document "Confidential" pursuant to this Order. Any party who objects to the designation shall do so in writing, specifying the specific document, information and/or materials as to which an objection is asserted, and further setting forth with particularity the reasons for the objection. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the parties cannot reach an agreement concerning

the matter of the objection, then the objecting, non-designating party may move for a Court order concerning the objection. The parties will maintain the Confidential designation pending a court ruling. The party designating information as Confidential ultimately bears the burden of establishing such a designation.

(a) Documents produced during discovery may be designated as Confidential Information by stamping each page containing Confidential Information with the legend "Confidential" at the time of such production.

(b) Depositions or portions thereof may be designated as Confidential Information (i) by stating on the record at the time of the deposition that portions of the deponent's testimony and any exhibits related to the testimony contain Confidential Information; or (ii) by designating relevant pages of any such deposition transcript or exhibit attached thereto as Confidential Information within ten (10) days after receipt of the deposition transcript. All deposition transcripts shall initially be treated as Confidential Information until the above-referenced ten-day period expires after all Parties have received a copy of the deposition transcript.

(c) A Non-Producing Party shall designate Discovery Materials as Confidential in writing. Any party who objects to the designation of the Non-Producing Party shall do so in writing, specifying the particular document, information and/or materials as to which an objection is asserted, and further setting forth with particularity the reasons for the objection. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the parties cannot reach an agreement concerning the matter of the objection, then the objecting party may move for a Court order concerning the objection. The parties will maintain the Confidential designation pending a court ruling. Consistent with the Court's rules concerning protective orders,

the party designating information as Confidential ultimately bears the burden of establishing such a designation.

6. Confidential Information so designated shall be used only for the purpose of this Litigation and not for any other purpose whatsoever, and shall not without prior notice to and written consent from the designating Party, be disclosed in any way to any person except Qualified Persons or by order of the Court.  As used herein, "Qualified Persons" means:

(a) The Court (and any appellate court), including Court personnel, stenographic reporters, jurors, and alternate jurors;

(b) The court reporter transcribing a deposition involving Confidential Information, and those persons, if any, specifically engaged for the limited purpose of making photocopies or duplicates of Documents;

(c) In-house counsel to the named Parties to the Litigation engaged in the prosecution or defense of this Litigation and any paralegals, clerical, secretarial and other staff employed by and actually assisting such counsel and who counsel determined has a need to have access to such information;

(d) Outside counsel of record to the named Parties to the Litigation or outside counsel to the named Parties for related matters, who are engaged in the prosecution, consultation or defense of this action, and associate attorneys, paralegals, clerical, secretarial and other staff employed by and actually assisting such counsel and who counsel determined has a need to have access to such information;

(e) Any person who is an officer, director or employee of Defendants Vente, Inc. and/or Experian, including any current or former officer, director or employee of

Defendants, who previously had possession or knowledge of the Document or information, or whose name is contained within the Document or information;

(f) Plaintiff Elizabeth TerMaat;

(g) Anticipated and actual deponents and trial fact witnesses other than the named Parties in the Litigation and their counsel;

(h) Persons identified in a Document designated as Confidential as an author of the Document in part or in whole, or persons to whom a copy of such Document was sent prior to its production in the Litigation; and

(i) Outside, independent experts, advisors or consultants (other than employees, officers or directors of any Party) specifically retained by counsel of record in this Litigation to assist in the prosecution or defense of this action.

7. Any Party or Qualified Person who has received in electronic format Documents designated as Confidential shall ensure that all physical copies of such Documents bear and legibly display on each page of such Documents the bates number and Confidential designation made by the Producing Party.

8. Prior to any disclosure of Confidential Information to any Qualified Person as defined in Paragraphs 6(e), (g), (h), and (i), counsel of record for the Party proposing to make such Disclosure shall ensure that a copy of this Order has been delivered to such person. Counsel of record for each Party shall maintain a list of the names of all persons to whom such Documents or information is disclosed, and such list shall be available for inspection by counsel for the Party claiming confidentiality upon order of the Court following a showing of good cause.

9. All Qualified Persons who have received Confidential Information pursuant to this Order shall safeguard such information so as to avoid any Disclosure of that information, except as provided in this Order. Documents, depositions, or other materials designated as Confidential shall be used by the person receiving them only for the purpose of preparing for and conducting the Litigation or as ordered by the Court. Any use or Disclosure of such Documents, materials, or information for any other purpose is a direct violation of this Order.

10. If a designating Party inadvertently omits to designate a Document or information as Confidential Information pursuant to this Order, that omission shall not constitute a waiver in whole or in part of that Party's claim of confidentiality, so long as the designating Party promptly notifies the other Party that such Documents or information should be treated as though it were properly designated in accordance with this Order. The Parties in possession of such Documents and information shall treat them accordingly. No Party shall be liable for Disclosure of a Document or information before receiving notice of its confidentiality.

11. A Party's inadvertent production of privileged or protected Documents or information in this Litigation shall not be deemed to waive any claim of attorney-client privilege or attorney work-product protection that might exist with respect to such Document or other Documents or communications, written or oral, including, without limitation, other communications referred to in the Documents produced. Upon request, such inadvertently produced Documents, and all copies thereof, shall be returned to the Producing Party. Furthermore, a Party's production shall not be deemed a waiver of any Party's right to object for any reason to the admission of any Document or thing into evidence, nor shall the production be deemed an admission of its admissibility or relevance. Nothing in this Paragraph shall prejudice the right of any Party to seek discovery of communications, documents and things as to which a claim of attorney-client privilege or attorney work-product has been made.

12. Any Party to the Litigation may object at any time to the designation of information as Confidential as set forth in Paragraph 5 of this Order. In the event of a motion concerning the designation of information as Confidential, the information objected to shall continue to be treated as Confidential Information until the Court rules to the contrary. No Party to this Litigation shall, by treating information or allowing information to be treated as Confidential, be deemed to have conceded that the information actually is Confidential or otherwise legally protectible.

13. In the event that any person or party subject to this Protective Order having possession, custody or control of any Confidential Information or Confidential Discovery Materials of any opposing party receives from a non-party or governmental entity a subpoena or other process to produce such information, such person or party shall promptly notify the attorneys of record of the party claiming such confidential treatment of its Confidential Information or Confidential Discovery Materials sought by such subpoena or other process, and shall furnish such attorneys of record with a copy of said subpoena, process or order, provided that such action is otherwise legal and not contrary to any other court order. Any Party or third party receiving such subpoena or process (i) shall as soon as reasonably practical, but in no event later than ten (10) days in advance of the return or response date for such subpoena or process, give notice thereof to the designating Party by telephone and in writing, and shall furnish the designating Party with a copy of the subpoena or other compulsory process so as to afford the designating Party a reasonable opportunity to seek protective measures; (ii) shall make an initial timely objection to production of the Confidential Information or Confidential Discovery on the grounds that production is precluded by this Protective Order; and (iii) shall not produce such Confidential Information prior to receiving a court order or the consent of the designating Party. The party whose Confidential Information or Confidential Discovery Materials is sought by the subpoena or other process shall have the responsibility, in its sole discretion and at its own cost, to move

against the subpoena or other process, or otherwise to oppose entry of an order by a court of competent jurisdiction compelling production of the Confidential Information or Confidential Discovery. In no event shall the person or party receiving the subpoena or other process produce Confidential Information or Confidential Discovery Materials of any opposing party in response to the subpoena or other process unless and until such person or party is ordered to do so by a court of competent jurisdiction or the parties have agreed to such production pursuant to the "meet and confer" procedures set forth in Paragraph 12 of this Protective Order.

14. A Party seeking to file documents containing Confidential Information requiring the Court's review shall file the document under seal using the procedures set forth in Local Rule 7.5(a). The Party filing the document will serve copies of the sealed pleading or document on all other parties. The Producing Party shall maintain the original documents intact for any further review. To the extent possible, a copy of the document with the Confidential Information redacted shall be filed with the clerk of court for the record.

15. The final determination or settlement of the Litigation shall not relieve any person who has received Confidential Information from the obligations imposed by this Order. All Confidential Information shall be destroyed or returned to counsel for the designating Party producing such Documents within thirty (30) days after the final conclusion of the Litigation, including appeals, except that legal counsel for plaintiff and defendant may keep an office file of internal memoranda, discovery responses, deposition transcripts, pleadings and briefs notwithstanding that they contain Confidential Information, so long as such materials are kept in accordance with the terms of this Order.

16. Counsel of record in this Litigation shall attempt to agree upon procedures to protect the confidentiality of Confidential Information at any hearing or trial. Prior to such

hearing or trial, counsel shall submit proposed procedures, including any disputes relating thereto, to the Court for its approval or modification.

17. This Court shall retain jurisdiction after final determination or settlement of this action to enforce or modify the provisions of this Order. All disputes concerning the designation of Documents or other information as protected pursuant to this Order may be brought before this Court (a) upon proper notice and (b) after a good faith effort to resolve such disputes has been made. Any Party may, on notice, move this Court for relief from, or modification of, any provision of this Order.

18. Nothing in this Order shall limit the designating Party from using its own Documents and information in any fashion it may desire outside the Litigation; provided, however, that if a designating Party disseminates information it designated as Confidential Information in the Litigation in a manner inconsistent with the claim that such information is Confidential, any other Party may, for the purpose of the Litigation only, treat the information as non-confidential information. In no event may the non-designating Party use the Confidential information outside the Litigation.

19. This Order shall in no way affect or impair the right of any Party or person to raise or assert any defense or objection, including, but not limited to, defenses or objections to the discovery or production of Documents or information and to the use, relevance or admissibility at trial of any evidence, whether or not comprised of Documents or information governed by this Order.

20. The entry of this Protective Order does not alter, waive, modify or abridge any right, privilege or protection otherwise available to any Signatory or Party with respect to discovery matters, including, but not limited to, any Signatory's or Party's right to assert the attorney-client privilege, work product doctrine, or other privileges with respect to Discovery Materials or any Signatory's or Party's right to contest such assertion. Any inadvertent

Disclosure of Discovery Materials protected by the attorney-client privilege or the work product doctrine will not be deemed a waiver of such privilege. Upon request from the Producing Party, a Non-Producing Party shall return all copies of any inadvertently Disclosed privileged materials. The return of any inadvertently Disclosed privileged materials shall not prejudice the rights of any Signatory or Party to contest an assertion of the attorney-client privilege, work product doctrine, or other privileges with the Court.

21. The Parties may at any time stipulate to a modification of this Order by the Court as to any particular portion of the Confidential Information without affecting the continuing validity of this Order as to any other Confidential Information. Until such order shall be entered, the stipulated modification shall be treated as a binding agreement between the Parties.

22. In the event any person shall violate or threaten to violate any of the terms hereof, the aggrieved Party may seek any appropriate remedy from the Court.

23. Third parties responding to subpoenas may take advantage of the protections of this Order for purposes of preserving the confidentiality of their information and Documents by agreeing to be bound by the terms of this Order.

24. This Protective Order may be executed in one or more counterparts, each of which shall be deemed to be an execution of the same document.

25. Entering into, agreeing to and/or Disclosing or receiving Confidential Information or otherwise complying with the terms of this Protective Order shall not:

    (a) Operate as an admission by any Signatory or Party that any Confidential Information contains or reflects trade secrets or any other type of confidential information;

(b)   Operate as a waiver, modification or abridgement of any right, privilege or protection otherwise available to any Signatory or Party with respect to discovery matters;

(c)   Prejudice in any way the rights of a Signatory or Party to object to any discovery request or subpoena; or

(d)   Prejudice in any way the rights of a Signatory or Party to seek a determination by the Court whether any Confidential Information has been properly designated and should be subject to the terms of this Protective Order.

**IT IS SO ORDERED** this 19th day of September 2008.

                               **BY THE COURT:**

                               **s/ F.A. Gossett**
                               **United States Magistrate Judge**